UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CYRIL OGBONNA,**

       **Plaintiff,**

                                  **Case No. 02-73702**

v.

                                  **HONORABLE DENISE PAGE HOOD**

**CITY OF MT. CLEMENS, et al.,**

       **Defendants.**

                                                   /

**MEMORANDUM OPINION & ORDER REGARDING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment, filed September 17, 2004.[1] Plaintiff filed his Response on November 24, 2004. Defendants replied on December 1, 2004.

Defendants move for summary judgment on the following bases: (1) there is no genuine issue of material fact in dispute as to the reasonableness of the officers' actions under the circumstances; (2) Defendants City of Mt. Clemens and the Mt. Clemens Police Department ("MCPD") are entitled to governmental immunity; (3) Defendants Michael Patrick and Michael Kenel are also entitled to governmental immunity; and (4) Plaintiff cannot present evidence of an illegal policy or custom of the City.

For the reasons set forth below, the Court grants in part and denies in part Defendants'

---

[1] This Court had set an August 31, 2004 Motion cut-off date. For the reasons stated on the record on November 10, 2004, this Court deemed Defendants' Motion to be timely. The Court also extended the time for Plaintiff to respond.

Motion for Summary Judgment.

## II. STATEMENT OF FACTS

On June 27, 2002, officers from the Mount Clemens Police Department responded to a call made from Cozins Car Wash in Mount Clemens. It is alleged that these police officers were informed that Plaintiff was causing a disturbance at the car wash facility. When the officers arrived, Plaintiff was no longer at the car wash, but was on the premises of St. Louis Parish which was located across the street from the car wash. Plaintiff alleges that he was waiting for the church doors to open for morning mass. Plaintiff was not traveling in a vehicle, and therefore was allegedly sitting outside of the church on its premises when approached by the Mount Clemens police officers. While
the officers were attempting to investigate the complaint and/or arrest Plaintiff, it is alleged that Plaintiff became violent and had to be subdued with force. Plaintiff asserts that he gave the officers no cause to use any force upon him and that excessive force was used which resulted in serious physical injury.

Based upon this incident, Plaintiff brings this cause of action. On March 5, 2004, Plaintiff filed an Amended Complaint asserting eight counts: Count I - Violation of 42 U.S.C. § 1983; Count II - Cruel and Unusual Punishment, 42 U.S.C. § 1985, 42 U.S.C. § 1983, and the laws of the State of Michigan; Count III - Inadequate Training and Supervision, 42 U.S.C. § 1983; Count IV - Practice/Customer; Count V - Assault and Battery (Excessive Use of Force); Count VI - Special Relationship (Agency/Respondeat Superior); Count VII - State Claims of False Arrest and Unlawful Detention/False Imprisonment; and Count VIII - Intentional Infliction of Emotional Distress.

## III. STANDARD OF REVIEW

The procedure for considering whether summary judgment is appropriate is found in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also, Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

The United States Court of Appeals for the Sixth Circuit has recognized that *Liberty Lobby*, *Celotex*, and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identifies a number of important principles in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (*quoting Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a mere

scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts." *Id.* (*quoting Matsushita*, 475 U.S. at 586). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* The nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

## IV. APPLICABLE LAW & ANALYSIS

### A. MCPD

In their pleadings, neither party addresses whether police departments may be sued in tort. However, it is well-established that municipal police departments are not proper parties in tort actions. In *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, the court makes clear that "a municipal police department is a creature of the municipality." 32 F.3d 989, 992 n.1 (6th Cir. 1994) (citing M.C.L.A. § 92.1). Furthermore, "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Id.*; *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980); *Michonski v. City of Detroit*, 162 Mich. App. 485, 413 N.W.2d 438, 441 (1987). The MCPD is dismissed from all counts of Plaintiff's Amended Complaint. .

### B. The City of Mt. Clemens

Defendants assert that Defendant City of Mt. Clemens is entitled to governmental immunity. Michigan law clearly bestows immunity upon cities "from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." M.C.L. § 691.1406(1). The Michigan Supreme Court has noted that a "city cannot be held vicariously liable for torts of its

police officers during the course of an arrest because the officers were engaged in police activity, *which is a governmental function entitled to immunity.*" *Ross v. Consumers Power Co.*, 420 Mich. 567, 625 (1984) (emphasis added). Several cases have since affirmed this result. *See, e.g., Daniels v. City of Detroit*, 1995 WL 871217 (E.D. Mich. Jul. 26, 1995). It is undisputed that defendant officers went to the church in response to a disorderly person complaint and were on duty at the time. In response, Plaintiff points out that there exist two exceptions to the above rule of immunity for municipalities. First, Plaintiff claims that municipalities may be liable "when the alleged unconstitutional action implements a municipal policy or practice, or a decision that is officially adopted or promulgated by those whose acts may fairly be said to represented [sic] official policy." (Pl.'s Resp. at 4, citing cases.) Second, Plaintiff alleges that a municipality may also be held liable if "it fails to properly train its employees, such that the failure amounts to deliberate indifference to the rights of persons with whom its employees come into contact." (Id., citing cases.) These exceptions only relate to Counts III and IV of Plaintiff's Amended Complaint, dealing with inadequate training and supervision, and practice or custom. Counts I, II, V, VI, VII, and VIII of Plaintiff's Amended Complaint against the City of Mt. Clemens are dismissed.

Plaintiff's claim of inadequate training and supervision is clearly refuted by Defendants. Defendants summarize the training record of both of the Defendant officers as follows:

> Officer Patrick (recently retired) was a 20 year veteran of the Mount Clemens Police Department. Officer Patrick completed the Police Academy in 1982, where he received general training regarding criminal laws and procedures. Since then, he received and took advantage of the numerous opportunities to attend training through the department during his tenure. Officer Patrick testified that among other types of training, he recalled receiving fire arms training, defensive tactics training, civil liability training, and pepper spray training.
> Officer Kenel was a seven year veteran police officer. He graduated from the police academy in 1995 and worked as a police officer for the City of Detroit for five years before joining the Mount Clemens force. While at the academy, Officer Kenel

> completed all necessary training courses mandated by the State of Michigan and City of Detroit. In addition to his police academy training, Officer Kenel completed, among other courses, training in cultural diversity sensitivity training, elderly abuse and neglect and defensive tactics.

(Defs.' Br. in Supp. at 4) (internal citations omitted). Plaintiff does not point to any specific lack of training on behalf of any of the Defendants. As such, and in light of the training actually received by the Defendant officers, Count III must be dismissed. Plaintiff presents no evidence of inadequate supervision.

In support of Count IV of Plaintiff's Amended Complaint, Plaintiff simply states that "[t]here exists a custom, and or practice of 'kicking and beating' of citizens during an arrest." (Pl.'s Resp. at 5.) In order to establish a claim of municipal liability under Section 1983, Plaintiff must: (1) identify the municipal policy or custom; (2) connect the policy to the municipality; and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Plaintiff offers the deposition testimony of Police Chief McKeown and Defendant Officer Patrick as evidence of this custom or practice. Plaintiff asserts Chief McKeown stated officers were trained to "kick and punch citizens during an arrest." (Pl.'s Resp. at 5.) Plaintiff alleges that since the alleged incident at issue in this case, Chief McKeown "has instituted different techniques that eliminates [sic] 'kicking and punching' of people during and [sic] arrest." (Id.) Plaintiff points to Officer Patrick's deposition testimony, wherein Officer Patrick "testified not to have complied with the department's usage of force policy through his twenty years in the department and . . . he has never been questioned by any supervisor on his failure to comply with the policy." (Id. at 6.)

The Court finds that Plaintiff mischaracterizes the testimony of Police Chief McKeown and Defendant Officer Patrick. Chief McKeown did not testify that it was the policy of the MCPD to

kick and punch individuals during arrest. Rather, Chief McKeown described a policy in which officers may use only the amount of force reasonably necessary to make an arrest. (Defs.' Reply Br., Ex. 1 at 31-32.) While Chief McKeown changed some of the MCPD's standards upon assuming his position as police chief, the Court cannot construe his actions as an admission of the illegality of the former MCPD policy.

With respect to Officer Patrick's deposition testimony, the Court finds that the officer merely indicated his belief "that when two officers use force to subdue an arrestee the departmental practice is for one [use of force] report to be filed, not two." (Id. at 3.) Officer Patrick clearly did not state he never complied with the MCPD's use of force policy during an arrest. (See Id., Ex. 2 at 42-43.) Officer Patrick stated he did not file a separate incident report because he believed Officer Kenel's use of force report, which included Officer Patrick's name, was sufficient. (Id.) In the absence of further evidence of any such policy or custom in the municipality, Counts III and IV of Plaintiff's Amended Complaint must also fail.

### C. The Defendant Officers

Defendants move for summary judgment against the individual officers on the basis of governmental immunity as well as qualified immunity. (Defs.' Br. in Supp. at 12-13.) Plaintiff responds that summary judgment is not appropriate because the Defendant officers were grossly negligent and are not entitled to qualified immunity. (Pl.'s Resp. at 6.)

#### i. Governmental Immunity

Michigan's governmental tort liability act, M.C.L. § 691.1401 *et seq.* grants broad immunity. An exception exists where the governmental employee was grossly negligent. Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury

results." M.C.L. 691.1407(2)(c). The manner in which a court is to evaluate a police officer's use of force in making an arrest is governed by the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). The relevant inquiry is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. *Id*. at 397. The *Graham* Court noted that:

> The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight . . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation. *Id.*

Because the facts of this case are so seriously in dispute, the Court is unable to determine of the objective reasonableness of the Defendant officers' actions with respect to Plaintiff. Piecing together Plaintiff's supporting evidence, and viewing it in the light most favorable to him, it is clear that a material issue exists for the trier of fact to decide.

### ii.  Qualified Immunity

Qualified immunity is generally a threshold defense whose applicability is to be determined by the trial judge. *Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir. 1988). Governmental officials are entitled to qualified immunity when their discretionary acts do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992). The Supreme Court has set forth a two-part test to determine whether qualified immunity should attach. First, the court must decide whether, in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 121 (2001). If there is no such violation, the

8

inquiry ends here. *Id*. If a violation can be adequately stated, the court next asks whether the right was clearly established. *Id*. Providing guidance in determining whether a right was clearly established, the Court stated, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted**."** *Id*. *Saucier* also provides that an officer's reasonable mistake is still cloaked with immunity. *Id*.

Once Defendants have provided facts showing that the officers were acting within the scope of their authority, the burden of demonstrating that qualified immunity is inappropriate falls on the shoulders of Plaintiff. *See, e.g., Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002). Plaintiff must show that the officers violated a right so clearly established that any official in Defendant officers' positions would have understood that they were under an affirmative duty to refrain from such conduct. *Poe v. Haydon*, 853 F.2d 418, 426 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989). Plaintiff asserts that the Defendant officers "beat, kicked, dragged, falsely arrested, handcuffed and jailed the plaintiff for committing no crime. The officers' actions unreasonably violated Cyril's protections guaranteed under the Fourteenth and Fourth Amendment of the US Constitution." (Pl.'s Resp. at 9.) Plaintiff is plainly asserting the violation of a clearly established right.

The facts of this case vary wildly, depending on the perspective of the Parties. "Where, as here, the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." *Sova v. City of Mount Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998) (citing cases). As such, a grant of summary judgment based on qualified immunity would be inappropriate.

**D. Sufficiency of Plaintiff's Claims as a Matter of Law**

9

Defendants allege that several of the counts found in Plaintiff's Amended Complaint fail as a matter of law.  First, Defendants state that Plaintiff's assault and battery claim is insufficient, arguing that "[t]he force used was proportional to the resistance Plaintiff displayed.  Therefore, Defendants are entitled to governmental immunity as to Plaintiff's state law tort claim of assault and battery."  (Defs.' Br. in Supp. at 16.)  Defendants' reasoning does not demonstrate why, in the absence of governmental immunity, Plaintiff's assault and battery claim must fail.

Second, Defendants assess the sufficiency of Plaintiff's false arrest/false imprisonment claim.  Defendants conclude that this claim must also fail as a matter of law as "Plaintiff's actions in refusing to present his identification in violation of M.C.L. 764.5 clearly occurred in officer Kenel and Patrick's presence."  (Id. at 17.)  This fact is disputed by Plaintiff, and is therefore an insufficient basis for dismissal of Plaintiff's false arrest/false imprisonment claim.

Third, Defendants assert that Plaintiff's emotional distress claim fails as a matter of law, because "[c]learly, the officers' attempt to apprehend a violent, 'disorderly person' who refused to present ID was not 'outrageous!'" (Id. at 18.)  Defendants cite *Wrubel v. Bouchard*, 173 F. Supp. 2d 716 (E.D. Mich. 2001), as standing for the proposition that "even arresting an individual without probable cause does not rise to the level of a claim for intentional infliction of emotional distress." (Defs.' Reply Brief at 5.)  Plaintiff contends the Defendant officers "beat[], kick[ed], dragg[ed], pepper spray[ed], tight handcuff [sic] and jail[ed] the plaintiff even while he was noticably unconscious," and "fail[ed] to provide reasonable medical care to the plaintiff."  (Pl.'s Resp. at 11.) *Wrubel* does not hold that arrests without probable cause can *never* rise to the requisite level for intentional infliction of emotional distress.  Once again, Defendants' characterization of Plaintiff's actions and demeanor are disputed.  A genuine issue of material fact remains on Plaintiff's

10

intentional infliction of emotional distress claim.

Finally, Defendants attack the sufficiency of Plaintiff's Section 1985 claim. Section 1985 allows suits to redress conspiracies to interfere with civil rights. Plaintiff must show evidence of a conspiracy motivated by racial or other class-based animus. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). Plaintiff points to the fact that the officers only filed one report in this case, allegedly in contravention of MCPD policy. (Pl.'s Resp. at 14.) Plaintiff has not shown what evidence exists of Defendants' actions being motivated by racial or other class-based animus. Plaintiff's Section 1985 claim is legally insufficient, and cannot survive summary judgment.

## V.  CONCLUSION

The City and the MCPD are summarily dismissed at this point. The MCPD is not a proper party, while the City is immune from suit in this instance.

The Court cannot find at this time that the individual defendants are entitled to governmental immunity. The individual defendants' actions must be found to have been "objectively reasonable" in order for immunity to attach. Plaintiff has shown sufficient support at this point to defeat a motion for summary judgment with respect to his claims against the individual officers. Plaintiff's claims against these individuals are allowed to proceed. Defendant officers may be shielded by qualified immunity, but that is a question for the jury to decide.

Plaintiff's assault and battery, false arrest/false imprisonment, and intentional infliction of emotional distress claims are all legally sufficient. Plaintiff's Section 1985 conspiracy allegation is legally insufficient and should be dismissed.

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment **[Docket No. 49, filed**

**September 17, 2004]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the parties appear for a scheduling conference on **Thursday, June 16, 2005, at 3:30 p.m.**

     /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  May 27, 2005

.