UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CYRIL OGBONNA,**

       **Plaintiff,**               Case No. 02-CV-73702
                                          HONORABLE DENISE PAGE HOOD
v.

**THE CITY OF MT. CLEMENS, et. al.,**

       **Defendants.**
_____/

## ORDER ON REQUEST FOR LEAVE TO APPEAL AND APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

The matter is before the Court on Plaintiff's Request for Leave of Appeal and Plaintiff's Application to Proceed In Forma Pauperis on Appeal.

On September 26, 2005 a rendered a verdict and the Court entered a Judgment against Defendants. Plaintiff filed the instant motions on October 31, 2005.

Fed.R.App.P. Rule 3, which prescribes the method for taking an appeal and Rule 4, which limits the time in which an appeal may be taken, combine to form a jurisdictional threshold prerequisite for the Court of Appeals. *Smith v. Barry*, 502 U.S. 244 (1992); *Brooks v. Toyotomi Co., Ltd.*, 86 F.3d 582, 586 (6th Cir. 1996); and *United States v. Webb*, 157 F.3d 451 (6th Cir. 1998). In a civil case, Fed.R.App.P. 4(a)(1)(A) requires that a Notice of Appeal under Rule 3 must be filed with the clerk of the district court within 30 days after the date of either entry of the judgment or order appeal from. The district court may extend the time for filing a Notice of Appeal pursuant to Fed.R.App.P. 4(b)(4) which states:

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration

of the time otherwise prescribed by this Rule 4(b).

Fed.R.App.P. 4(b)(4).  In *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996), the Sixth Circuit held that the liberal standard of excusable neglect set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 394, (1993) applies in requests for extension of time to file a notice of appeal both in criminal and civil cases under Fed.R.App.P. 4.  *Thompson*, 82 F.3d at 702.  Even with the liberal standard under *Pioneer*, the Sixth Circuit cautions, "that a district court should not carte blanche grant motions for extensions of time under Fed.R.App.P. 4."  *Id*.  The Sixth Circuit sets forth the following analysis the district court should engage in when facing a request for an extension of time to file a notice of appeal:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect.  If no excusable neglect is shown, the extension cannot be granted.  Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith.  If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Id*.

Based on *Pioneer*, "[n]eglect... encompasses both simple, faultless omissions to act and omissions caused by carelessness." *Id*., *citing Pioneer*, 507 U.S. at 388.  The issue before the Court is whether such neglect is excusable.  "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Id*. at 392.  The Sixth Circuit has previously held that an untimely notice of appeal is to be granted only in unique or extraordinary circumstances. *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989).  While pleadings filed by *pro se* litigants are held to a less stringent standard than those filed by lawyers, *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003), *citing Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Supreme Court has "never

suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. (holding that procedural rules are available to *pro se* litigants as they are to all other persons appearing before the court), *quoting McNeil v. United States*, 508 U.S. 106, 113 (1993). Miscalculation of the time period for filing a notice of appeal does not constitute excusable neglect nor does a showing that counsel was involved in a trial or was on vacation. *Marsh*, 873 F.3d at 131 (attorney did not learn of a judgment until three weeks after its entry and then miscalculated the time period for filing a notice of appeal); *Baker v. Raulie*, 879 F.2d 1396, 1400 (6th Cir. 1989)(the fact that an attorney is busy on another matter does not constitute excusable neglect because filing of a notice of appeal does not require much thought or time); *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999)(clients are accountable for counsel's failure to arrange for another attorney to cover their case during attorney's vacation); and *Airline Professionals Assoc. v. ABX Air, Inc.*, 109 F.Supp.2d 831, 834 (S.D. Ohio 2000)(failure of an attorney to keep track of judgments and filing deadlines during a lengthy absence from the office does not constitute excusable neglect).

In this case, Judgment was entered on September 26, 2005. Based on Fed.R.App.P. 4(a)(1)(A), the thirty days to file a notice of appeal would have expired on October 27, 2005. Plaintiff filed the Request for Leave of Appeal on October 31, 2005. Plaintiff acknowledges that the Notice of Appeal is not timely and states that he does not have the assistance of counsel at this time. Plaintiff provides no other reasons for the failure to timely file the Notice of Appeal. The Court finds that excusable neglect has not been shown, as required by the Sixth Circuit.

As the Court has not granted the Plaintiff's Request for Leave to Appeal, the Court finds that Plaintiff's Application to Proceed In Forma Pauperis on Appeal is moot.

Accordingly,

IT IS ORDERED that Plaintiff's Request for Leave to Appeal **[Docket No. 80, filed October 31, 2005]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request to Proceed In Forma Pauperis on Appeal **[Docket No. 82, filed October 31, 2005]** is MOOT.

       /s/ Denise Page Hood
       DENISE PAGE HOOD
       UNITED STATES DISTRICT JUDGE

DATED: December 16, 2005