UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYRIL OGBONNA,

                Plaintiff,                         Case No. 02-73702

vs.                                    HONORABLE DENISE PAGE HOOD
                                    HONORABLE STEVEN D. PEPE

CITY OF MT. CLEMENS., MT. CLEMENS
POLICE DEPT., OFFICER MICHAEL
KENEL, and OFFICER MICHAEL PATRICK

                Defendants.

_____/

REPORT AND RECOMMENDATION

      Plaintiff Cyril Ogbonna brought suit against The City of Mt. Clemens and The City of

Mt. Clemens Police Department and two John Doe police officers on September 16, 2002.

Federal District Judge Denise Page Hood granted Defendant City of Mt. Clemens and Defendant

City of Mt. Clemens Police Department's (hereinafter "moving defendants") motion for

summary judgment on May 31, 2005.  The City and Police Department filed this motion for

mediation sanctions (Dkt. #77) on October 24, 2005.

      Having obtained a jury verdict against the individual police officer defendants, Plaintiff

filed a Supplemental Motion for Attorney Fees (Dkt. #86) against them on January 11, 2006.  On

January 25, 2006, these motions were referred to the undersigned for report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B).

    **I.**        **BACKGROUND**

1

Plaintiff Cyril Ogbonna filed a civil rights complaint under 42 U.S.C. § 1983 and supplemental state claims against the City of Mt. Clemens, the Mt. Clemens Police Department and Officers John Doe I and John Doe II on September 16, 2002.  Plaintiff's Complaint alleged the following occurred on June 27, 2002:

> The officers unlawfully assaulted Plaintiff while making an arrest and tortured the Plaintiff by kicking him, dealing several blows on the Plaintiff's head, tightly handcuffing the Plaintiff's hands, thereby allowing the handcuffs to cut into the Plaintiff's flesh, and pepper spraying directly into Plaintiff's eyes, head and chest. The officers thereafter shoved the Plaintiff into their car and drove the Plaintiff to their station where the Plaintiff was locked in a cell still handcuffed.  While in the cell, the Plaintiff struggled for breath as a result of the pepper spray, and also suffered pain from his cuffed hands that were bleeding excessively. Consequently, the Plaintiff passed out.

(Plaintiff's Complaint, pp. 1 - 2, Dkt. #1).

On November 13, 2003, Plaintiff and the City an Police Department agreed to submit the matter for mediation under Mich. Ct. R. 2.403 "including the sanctions relating to costs and attorney fees as provided by such rule."  (Dkt. 77)  On December 8, 2003, the unanimous mediation evaluation awarded Plaintiff $25,000 on his complaint against moving defendants. Defendants accepted the mediation evaluation, but the Plaintiff rejected it.

On March 8, 2004, Plaintiff filed his second amended complaint, adding Officers Michael Patrick and Michael Kenel (herein after "defendant officers") in their individual capacity on federal and state claims.  On May 31, 2005, Judge Hood dismissed the City and Policy Department from the case finding no municipal liability under *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978) or *City of Oklahoma City v. Tuttle,* 471 U.S. 808 (1985).  On September 26, 2005, the Court entered a judgment on the jury's verdict in favor of Plaintiff and

against the defendant officers on the intentional infliction of emotion distress claim in the amount of $20,000 ($10,000 against each officer), and no cause of action on all other claims.

## II.   DEFENDANTS' MOTION FOR MEDIATION SANCTIONS

Defendants City of Mount Clemens and the Mount Clemens Police Department filed a motion for mediation sanctions on October 24, 2005, under MCR 2.403.  MCR 2.403(O)(1) provides:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation.  However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

The moving defendants seek $38,433 in mediation sanctions.[1]  (Defendants' Motion for Mediation Sanctions, Taxable Costs and Reasonable Attorneys' Fees, paragraph 14, Dkt # 77).

According to MCR 2.403(O)(8), in order for an award of mediation sanctions to be granted a request must be filed within 28 days after the entry of the judgment.[2]  Here, as previously mentioned, moving defendants were dismissed from the case on May 31, 2005.

---

[1]

> The services necessitated by rejection of case evaluation between January 4, 2004 and May 31, 2005 are as follows: Defendants expended a total of $36,544.50 in attorney fees: Attorney Pete Peacock – billing rate of $135.00 per hour for 141.9 hours – $19,156.50 and Attorneys Joseph Ci Pagano and Camille Horne – billing rate of $120.00 per hour for 144.9 hours – $17,388.00....  The total cost expended between January 4, 2004 and May 31, 2005 are $1,888.50.

Defendants' Motion for Mediation Sanctions, Taxable Costs and Reasonable Attorneys' Fees, paragraphs 12 and 13, Dkt. # 77.

[2]

> (8) A request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment.

MCR 2.403(O)(8)

3

Plaintiff's case continued against defendant officers resulting in the September 26, 2005,

judgment.  Moving defendants' October 24, 2005, motion was filed 28 days after the judgment

against Officers Patrick and Kenel but 146 days after the order dismissing them from the case.

Moving defendants' brief cites *O'Neil v. Home IV Care, Inc.*, 249 Mich. App. 606 N.W.2d 600

(2002), to support their contention that a judgment must be entered before a party can request for

mediation sanctions.  (Defendant's Motion, p. 8, Dkt. # 71).  However, the question that must be

answered is whether or not the moving defendants dismissal from the case on May 31, 2005, is

the "judgment" for purposes of starting the 28 day limitation for filing a motion for mediation

sanctions.  Neither Plaintiff nor moving defendants cite controlling authority.  Because this

Court is interpreting the meaning of a Michigan procedural rule, Michigan law should apply.

        In *Tugender v. Henry Ford Health System*, 2004 WL 594953, (Mich.App.), the Michigan

Court of Appeals addressed a similar issue when the Plaintiff claimed that under MCR

2.403(O)(8) that the "judgment" that defendants must file their request for costs within 28 days

from was the court's November 16, 1999, order granting summary disposition as to plaintiffs'

second amended complaint as opposed to waiting until the dismissal of their third complaint (as

they did) on February 5, 2000.[3]  The *Tugender* Court explained:

        The term "judgment," as used in MCR 2.403(O)(8), has been defined broadly as

_____

[3] In *Tugender*, Plaintiffs second amended complaint was submitted to mediation under MCR 2.403
(March 26, 1999).  All affected parties rejected the mediators award.  Prior to the submission of the
claims to case evaluation, defendants filed motions for summary disposition of plaintiffs' second
amended complaint.  Plaintiffs filed their third amended complaint on June 24, 1999.  Defendants moved
for summary disposition of the third amended complaint on October 20, 1999.  On November 16, 1999,
defendants' motions for summary disposition of the second amended complaint was granted.  On
February 5, 2000, the Court entered its opinion and order granting defendants' motion for summary
disposition of the third amended complaint.  On March 1, 2000, defendants filed a motion requesting case
evaluation sanctions based on their prior rejection of the mediation award.  *Tugender*, 2004 WL 594953,
at *1 (Mich.App.).

> "the judgment adjudicating the rights and liabilities of particular parties,
> regardless of whether that judgment is the final judgment from which the parties
> may appeal." *Braun v. York Properties, Inc,* 230 Mich.App 138, 150; 583 NW2d
> 503 (1998), citing MCR 2.604(A).  In this case, it was the February 5, 2000 order
> that adjudicated the rights and liabilities of the parties. Although the November
> 16, 1999 order adjudicated all of the claims that were subject to case evaluation,
> defendants could not know before the February 5, 2000 order was entered
> whether they received a "more favorable" verdict, the threshold for incurring
> liability under MCR 2.403(O)(1).  This is because, at the time the November 16,
> 1999 order was entered, other claims were still pending against defendants as
> embodied in plaintiffs' third amended complaint which included the same two
> claims that had been submitted to case evaluation under plaintiffs' second
> amended complaint. Therefore, there was still a possibility that plaintiffs could
> ultimately prevail in the action. Because the February 5, 2000 order was the first
> judgment from which defendants could determine whether plaintiffs were liable
> for sanctions under subrule (O)(1), it was the applicable judgment for purposes of
> filing a request for sanctions under subrule (O)(8).  Accordingly, the trial court
> did not err in determining that defendants' motion for case evaluation sanctions,
> which was filed within 28 days of the court's February 5, 2000 order, was timely.

*Tugender*, 2004 WL 594953, at *2 (Mich.App.).

*Tugender*, citing *Braun*, explains that for purposes of MCR 2.403(8), the term

"judgment" refers to a judgment in which the right of particular parties are adjudicated

"regardless of whether that judgment is the final judgment from which the parties may appeal."

The facts in the case at bar are different because although the case was not ultimately decided

with respect to other police officer defendants until September 26, 2005, it had been resolved as

to the moving defendants on May 31, 2005.  Therefore, the question is whether or not the

September 26, 2005, decision is determinative in the calculus of whether or not Plaintiff's

received a "more favorable" verdict than they did in the case evaluation.  In other words, did the

issues remaining in dispute (after the claims against the moving defendants had been dismissed),

or more specifically their potential outcomes, have any effect on the moving defendants rights

regarding mediation sanctions.  MCR 2.403(O)(4)(a) deals with cases involving multiple parties

5

and reads, in part:

> Except as provided in subrule (O)(4)(b), in determining whether the verdict is
> more favorable to a party that the case evaluation, the court shall consider only
> the amount of the evaluation and verdict as to the particular pair of parties, rather
> than the aggregate evaluation or verdict as to all parties.  However, costs may not
> be imposed on a plaintiff who obtains an aggregate verdict more favorable to the
> plaintiff than the aggregate evaluation.[4]

The rule clearly states that when courts are to determine whether the verdict is more

favorable to a party than the case evaluation, "the court shall consider only the amount of the

evaluation and verdict as to the particular parties." *Id*.  Once the moving defendants were

dismissed from this case on May 31, 2005, any result stemming from the later judgment as to the

defendant officers, had no bearing on the courts calculus.[5]  Here the dismissal of all claims

against the moving parties on May 31, 2005, was equivalent to zero liability; well below the

$25,000 mediation award these defendants had agreed to pay when they accepted the mediation

award.  Therefore, the moving defendants should have filed their motion for mediation sanctions

within 28 days of the decision that dismissed them from the case.  It is therefore recommended

---

[4] MCR 2.403(O)(4)(b) reads:
> If the verdict against more than one defendant is based on their joint and several liability,
> the plaintiff may not recover costs unless the verdict is more favorable to the plaintiff
> than the total case evaluation as to those defendants, and a defendant may not recover
> costs unless the verdict is more favorable to that defendant than the case evaluation as to
> that defendant.

[5] Even if moving defendants were to argue that they needed to know the "aggregate verdict" before they
could file their motion for mediation sanctions, pursuant to MCR 2.402(O)(4)(a), *Mbanu v. Atheneum
Hotel Corporation*, 2006 WL 548941, at *3 (Mich. App.), held that the "aggregate evaluation" does not
contemplate parties that did not participate in the case evaluation.  In the case at bar, the officer
defendants did not participate in the case evaluation because at the time of the case evaluation they had
yet to be named by the Plaintiff.

that their motion for mediation sanctions should be denied as untimely.[6]

### III. PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

Plaintiff's Supplemental Motion for Attorneys' Fees, Costs or Related Expenses (Dkt. # 86) requests attorney fees under FRCP 54.  FRCP 54 states that "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment."  FRCP 54(d)(2)(B).  On October 4, 2005, Plaintiff filed a Statement of Attorneys' Fees (Dkt. 76).  Under FRCP 54(d)(2)(B), a motion for fees "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought."  Plaintiffs Statement of Attorneys' Fees (on top of not being titled a motion) does not comply with these standards.  Nowhere in the statement does the Plaintiff comply with the requirement to show what grounds the claim for the award is based.  He only prevailed on one state tort claim for which attorney fees are not available.  He has no claim under 42 U.S.C. § 1988 because he is not a prevailing party on his federal claims. No other document was filed within the 14 day window after the entry of judgment on September, 26, 2005.  The Plaintiff's Supplemental Motion For Attorneys' Fees, Costs or Related Expenses was filed on January 11, 2006, and falls well outside the 14 day window allowed by FRCP 54.  Therefore Plaintiff's Supplemental Motion For Attorneys' Fees, Costs or Related Expenses should be denied as untimely and baseless.

---

[6] Because calculation to determine if the judgment was more favorable requires the addition of assessable costs and interest on the verdict amount from the date of the filing (September 16, 2002) to the mediation evaluation (December 8, 2003) (447 days), Michigan's prejudgment interest rate (5.3% in September 2002) would add $1,313 interest to the $20,000 verdict.  The $150 filing fee is also added.  This $21,463 approaches the $22,500 amount (10% below the evaluation) that MCR 2.403(O)(3) uses to trigger liability.  If Plaintiff's counsel had an additional $1,037 in taxable costs for deposition transcripts used at trial or court reporter deposition fees Plaintiff would be immune from the mediation sanctions under the last sentence of MCR 2.403(O)(4)(a).

## IV. RECOMMENDATION

For the reasons stated above, it is recommended that moving defendant's motion for mediation sanctions be DENIED and that Plaintiff's motion for attorney fees be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  Failure to file objections within the specified time constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 16, 2006                              s/Steven D. Pepe
Ann Arbor, Michigan                           UNITED STATES MAGISTRATE JUDGE

Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the attorneys of record by electronic means on June 16, 2006.

s/William J. Barkholz
Courtroom Deputy Clerk

8